IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

_____

JOHN J. and YVONNE M. CALNIN,
BERNARD A. DAHLIN III,
the BERNARD E. and ALYCE G. DAHLIN                     Civil Action No.  05-C-694
REVOCABLE TRUST DATED DECEMBER 20, 1993,
BERNARD E. and ALYCE G. DAHLIN, individually and
as Trustees of the BERNARD E. and ALYCE G. DAHLIN
REVOCABLE TRUST DATED DECEMBER 20, 1993,
BRIAN DAHLIN,
the ALFRED H. and JEANE K. FLECK REVOCABLE TRUST,
ALFRED H. FLECK and JEANE K. FLECK, individually and
as Trustees of the ALFRED H. and JEANE K. FLECK REVOCABLE TRUST,
STEPHANIE L. GIANNUNZIO,
THOMAS J. and  SARA HAHN,
the KENNETH and LUCILLE JOSSART REVOCABLE TRUST 1-24-94,
KENNETH L. and LUCILLE C. JOSSART, individually and
as Trustees of the KENNETH and LUCILLE JOSSART
REVOCABLE TRUST 1-24-94,
STACY L. KARLE,
RANDY and SUE KEUNTJES,
the KIMPS FAMILY LIVING TRUST, UDO 9/27/91,
ROGER R. and STARLENE F. KIMPS, individually and
as Trustees of the KIMPS FAMILY LIVING TRUST, UDO 9/27/91,
the DAVID W. and YVONNE M. KRUTZ REVOCABLE TRUST,
DAVID W. and YVONNE M. KRUTZ, individually and
as Trustees of the DAVID W. and YVONNE M. KRUTZ
REVOCABLE TRUST,
JIMMY L. MCKEEFRY, PATRICK G. MCKEEFRY,
DAVID G. PERRET, SR. and KATHRYN M. PERRET,
RDR INVESTMENTS, LLP,
THE KRAMER J. ROCK and CAROLYN F. ROCK REVOCABLE TRUST OF 1997,
KRAMER J. and CAROLYN F. ROCK, individually and
as Trustees of the THE KRAMER J. ROCK and
CAROLYN F. ROCK REVOCABLE  TRUST OF 1997,
DAVID W. and JANICE F. SCHONKE,
STEPHEN F. SCHONKE,
PAUL E. and DAWN M. SOLETSKI,
and DONALD W. and RITA F. ZELLNER,

             Plaintiffs,

       -vs-

EXHIBIT 2

WALLACE J. HILLIARD,

        Defendant.

---

## PLAINTIFFS' SECOND AMENDED COMPLAINT

---

### A.  Parties

1.      Plaintiffs, John J. and Yvonne M. Calnin, are married individuals that are citizens of the State of Wisconsin and reside at 104 W. Parkridge Ave., Appleton, WI  54911-1119.

2.      The Plaintiff, Bernard A. Dahlin III, is an individual that is a citizen of the State of Wisconsin and resides at 1007 Rolling Green Drive, Green Bay, WI  54313.

3.      The Plaintiff, the Bernard E. & Alyce G. Dahlin Revocable Trust Dated December 20, 1993, is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin.

4.      The Plaintiffs, Bernard E. and Alyce G. Dahlin, are married individuals that are citizens of the State of Wisconsin and reside at 2670 Good Shephard Lane, Green Bay, WI 54313.  They are the trustees of the Bernard E. & Alyce G. Dahlin Revocable Trust Dated December 20, 1993 and are authorized to pursue or defend any claim in favor of or against said trust.

5.      The Plaintiff, Brian Dahlin, is an individual that is a citizen of the State of Wisconsin and resides at 2937 Lost Valley Court, Green Bay, WI  54313.

6.      The Plaintiff, the Alfred H. and Jeane K. Fleck Revocable Trust is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin.

7.      The Plaintiffs, Alfred H. and Jeane K. Fleck, are married individuals that are citizens of the State of Wisconsin and reside at 320 N. Adams Street, Suite A-1169, Green Bay,

WI 54301. They are the trustees of the Alfred H. and Jeane K. Fleck Revocable Trust and are authorized to pursue or defend any claim in favor of or against said trust.

8. The Plaintiff, Stephanie L. Giannunzio, is an individual that is a citizen of the State of Wisconsin and resides at 1737 Carriage Court, Green Bay, WI 54304.

9. The Plaintiffs, Thomas J. and Sara Hahn, are married individuals that are citizens of the State of Wisconsin and reside at 606 E. Vine Court, Sturgeon Bay, WI 54235.

10. The Plaintiff, the Kenneth and Lucille Jossart Revocable Trust 1-24-94 is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin.

11. The Plaintiffs, Kenneth L. and Lucille C. Jossart, are married individuals that are citizens of the State of Wisconsin and reside at 2226 Dollar Road, De Pere, WI 54115. They are the trustees of the Kenneth and Lucille Jossart Revocable Trust 1-24-94 and are authorized to pursue or defend any claim in favor of or against said trust.

12. The Plaintiff, Stacey L. Karle, is an individual that is a citizen of the State of Wisconsin and resides at 1108 Paun Drive, Green Bay, WI 54313.

13. The Plaintiffs, Randy and Sue Keuntjes, are married individuals that are citizens of the State of Florida and reside at 5227 Northeast 64th Avenue, Silver Springs, FL 34488.

14. The Plaintiff, the Roger R. and Starlene F. Kimps Family Living Trust, UDO 9/27/91, is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin

15. The Plaintiffs, Roger R. and Starlene F. Kimps, are married individuals that are citizens of the State of Wisconsin and have a mailing address of P.O. Box 10768, Green Bay, WI

3

54307.  They are the trustees of the Roger R. and Starlene F. Kimps Family Living Trust, UDO 9/27/91, and are authorized to pursue or defend any claim in favor of or against said trust.

16.     The Plaintiff, the David W. and Yvonne M. Krutz Revocable Trust, is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin.

17.     The Plaintiffs, David W. and Yvonne M. Krutz, are married individuals that are citizens of the State of Wisconsin and reside at 2596 County Road ZZ, De Pere, WI  54115. They are the trustees of the David W. and Yvonne M. Krutz Revocable Trust and are authorized to pursue or defend any claim in favor of or against said trust.

18.     The Plaintiff, Jimmy L. McKeefry, is an individual that is a citizen of the State of Wisconsin and resides at 6234 Quarry Drive, Pulaski, WI  54162.

19.     The Plaintiff, Patrick G. McKeefry, is an individual that is a citizen of the State of Wisconsin and resides at 120 E. Green Bay Street, Pulaski, WI  54162.

20.     The Plaintiffs, David G. Perret, Sr. and Kathryn M. Perret, are married individuals that are citizens of the State of Wisconsin and reside at 2885 Manitowoc Road, Green Bay, WI 54311.

21.     The Plaintiff, RDR Investments, LLP, is a partnership that is organized under the laws of the State of Wisconsin.

22.     The Plaintiff, The Kramer J. and Carolyn F. Rock Revocable Trust of 1997, is a trust formed pursuant to a trust agreement created and existing under the laws of the State of Wisconsin.

23.     The Plaintiffs, Kramer J. and Carolyn F. Rock, are married individuals that are citizens of the State of Wisconsin and reside at 2756 Chaska Court, Green Bay, WI  54313.

They are the trustees of the Kramer J. and Carolyn F. Rock Revocable Trust of 1997 and are authorized to pursue or defend any claim in favor of or against said trust.

24. The Plaintiffs, David W. and Janice F. Schonke, are married individuals that are citizens of the State of Wisconsin and reside at 2459 Sunrise Court, Green Bay, WI 54302-4251.

25. The Plaintiff, Stephen F. Schonke, is an individual that is a citizen of the State of Maryland and resides at 714 Hammond Branch Road, #301, Odenton, MD 21113.

26. The Plaintiffs, Paul E. and Dawn M. Soletski, are married individuals that are citizens of the State of Wisconsin and reside at 1370 Sonata Court, Green Bay, WI 54311.

27. The Plaintiffs, Donald W. and Rita Zellner, are married individuals that are citizens of the State of Wisconsin and reside at 2927 Trillium Trail, Brussels, WI 54235.

28. With respect to the married individuals, the investors' spouses have a marital right in the cause of action.

29. Upon information and belief, the Defendant, Wallace J. Hilliard, who is a citizen of the State of Florida, may be served with process at 2610 Bulrush Lane, Naples, Florida 34105.

**B. Jurisdiction**

30. The Court has jurisdiction over the lawsuit under the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and under Sections 1331 and 1337 of the United States Judicial Code, 28 U.S.C. § 1331, 1337 because federal questions are involved. Specifically, Plaintiffs bring this action pursuant to 15 U.S.C. § 78; and 17 C.F.R. § 240.10b. For purposes of identifying the facts supporting this jurisdictional allegation, paragraphs 33-77 below are incorporated and alleged.

31. The court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state statutory and common law claims: (1) Wisconsin statutory securities laws: Wis. Stat. §§ 100.18; 551.21; 551.31; and 551.41; (2) Florida statutory securities laws: Fla. Stat. §§ 517.301;

5

517.07; and 517.12; and (3) common law: strict liability misrepresentation and negligent misrepresentation.  The court has supplemental jurisdiction over these claims because they are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## C. Conditions Precedent

32.     All conditions precedent have been performed or have occurred.

## D. Facts

### Background

33.     In December 2000, Defendant became the sole shareholder of Sunrise Airlines, Inc., (hereinafter "Sunrise"), an Ohio corporation, after acquiring all of its shares of stock pursuant to an agreement with Sunrise Liquidating Trust.

34.     At that time, Defendant paid $750,000 to the Sunrise Liquidating Trust for all of the shares of Sunrise.

35.     At the time of the acquisition, Sunrise retained a dormant commuter air carrier operating certificate, (hereinafter "Certificate") which would permit the company to resume operating as a commuter air carrier upon approval of the United States Department of Transportation (hereinafter "DOT").

36.     In January 2001, Sunrise filed an application with the DOT (hereinafter "Application") seeking to resume commuter carrier service under the Certificate.

37.     The Certificate was the primary asset of Sunrise.

38.     Sunrise's balance sheet dated March 1, 2001, listed an "intangible asset," which upon information and belief  is the Certificate, valued at $750,000.

6

39.     Sunrise's balance sheet dated May 31, 2001, listed the "intangible asset," which was valued at $1.5 million. Both balance sheets were filed pursuant to the Application.

40.     Sunrise's balance sheet dated April 30, 2002, include assets of "Goodwill" in the amount of $1.5 million and liabilities in the amount of $1.692 million. This balance sheet was made a public record as part of the Application on September 23, 2002.

41.     The value of the Certificate was dependent upon the DOT's approval of the Application allowing Sunrise to resume commuter air carrier service.

42.     Thereafter, Defendant transferred 100% of the shares of common stock of Sunrise to Florida Air Holdings, Inc. ("FAH"), a Florida corporation that is now dissolved.

43.     FAH became the holding or parent company for Sunrise, and Sunrise was FAH's main asset.

44.     Based upon information and belief, Defendant was also the owner of another company: Plane-l Leasing Co. Inc. (hereinafter "Plane-1").

45.     In May 2001, the Federal Aviation Administration (hereinafter "FAA"), issued a Notice of Proposed Civil Penalty (hereinafter "NPCP") to Plane-l alleging that it violated the Federal Aviation Regulations by operating as an air carrier without the required FAA operating authority to do so.

46.     The Defendant was personally aware of the NPCP and referred the matter to his attorney in 2001.

47.     As a result of the Defendant's FAA violations in connection with Plane-1, the DOT dismissed Sunrise's Application to resume commuter air carrier service and revoked its commuter air carrier authority through an Order Vacating Show Cause Order dated July 10, 2002.

7

48.     The DOT cited the Defendant's compliance issues with the Plane-l matter as a significant factor in refusing to allow Sunrise to resume commuter air carrier service.

49.     As a result of the DOT's dismissal of the Application and revocation of its air carrier authority, Sunrise's Certificate and Sunrise were worthless.

Solicitations For Investing in FAH

50.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

51.     Beginning in March 2001, Defendant began soliciting shareholders, including all of the Plaintiffs, to buy stock in FAH.

52.     Defendant also solicited some Plaintiffs to make loans to the following entities: FAH, Sunrise, and DAG.

53.     Defendant was extremely active and persistent in soliciting the stock purchases and the making of the loans.

54.     These solicitations occurred in person, by phone, by mail, by the interstate highway system, and by the interstate flight system.

55.     These solicitations, or offers to sell stock, and sales occurred in Wisconsin and Florida.

56.     Defendant directly and indirectly verbally solicited Plaintiffs to buy stock.

57.     In conjunction with the verbal solicitations, Defendant also distributed Business Plans, Subscription Agreements, and Prospective Investor Letters to potential investors, including the Plaintiffs.

Misrepresentations or Omissions Common to All Plaintiffs

58.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

59.     Defendant presented information to Plaintiffs that contained untrue statements of material fact wherein Defendant overstated FAH's assets, specifically the value of the airplanes FAH purchased.

a)  In early 2001, FAH purchased six aircraft for approximately $3,640,000 million.

b)  However, Defendant presented information to Plaintiffs that grossly exaggerated the value of the aircraft through various balance sheets of FAH and Sunrise.

c)  The balance sheets for the years 2001 and 2002 listed the value of the aircraft at amounts of $4818,500, $4,851,500, and $4,886,910.

d)  Defendant knew that such statements were false because he was involved with the purchase of the aircraft.

e)  As a result, Defendant's statement led Plaintiffs to believe that its financial statement was stronger than it actually was.

60.     When Defendant made the offers to sell to Plaintiffs, prior to their investments, Defendant omitted to inform Plaintiffs, either verbally or in writing, of material facts regarding the substantial liabilities of Sunrise and FAH.

a)  Sunrise failed to pay payroll taxes to the Internal Revenue Service ("IRS") for 2001, resulting in a debt of approximately $278,826.05 to the IRS.

b)  On or about January 15, 2002, Sunrise and/or FAH defaulted on a loan in the amount of $300,000 to Dekkers Aviation Group, Inc. ("DAG"), a Florida corporation.

c)  On or about October 18, 2002, Sunrise defaulted on a loan in the amount of $350,000 to Bernard E. Dahlin.

d)  Defendant knew that such omissions were material because it had the effect of reducing the net value of FAH, a fact that would be important to potential investors.

61.  When Defendant made the offers to sell to Plaintiffs, prior to their investments, Defendant omitted to inform Plaintiffs, either verbally or in writing, of material facts regarding the problems with the FAA and DOT.  (Paragraphs 44-49 are reincorporated and realleged as though set forth in full herein).

a)  Defendant presented the following information to Plaintiffs:

1.  Plans to resume scheduled commuter air carrier service.

2.  The DOT's approval of the certificate was imminent.

3.  The value of the Sunrise Certificate was $1.5 million

b)  However, in conjunction with this information, Defendant did not disclose other material information to the Plaintiffs:

1.  The FAA's and DOT's investigation of Plane-1 or that Defendant had hired an attorney regarding the matter.

2.  The $90,000 NPCP that was issued against Plane-1.

3.  The financing that FAH obtained for six aircraft in 2001 was contingent upon the DOT's approval of the Certificate.

c) Defendant's omissions made the presented information misleading.

d) Defendant knew that such information was material because it could impact the value of Sunrise and FAH, a fact that would be important to potential investors.

<u>Misrepresentations or Omissions Specific to Particular Plaintiffs</u>

62.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

63.     Kenneth L. and Lucille C. Jossart

a) In October 2001, Plaintiff made a $300,000 loan directly to DAG and indirectly to FAH, which was secured by the FAH airplane Hanger in Venice, Florida.

b) After payment on the loan was in default, Defendant told Plaintiff that Plaintiff would receive the proceeds from the sale of the hanger.

c) In January 2003, Defendant told Plaintiff that the hanger was going to be sold soon; however, the hanger had, in fact, already been sold in approximately August 2002.

d) Defendant knew that the hanger had previously been sold because he was involved with the sale.

<u>Remaining Elements</u>

64.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

65.     Defendant made the misrepresentations and omissions to mislead Plaintiffs and induce them into buying stock, which is evidenced from his persistence in trying to sell stock and

raise money for FAH and Sunrise when, at the same time, he failed to inform Plaintiffs of important and material facts relevant to their investment decisions.

66.    Defendant's misrepresentations and omissions were material because they were relevant to the Plaintiffs' decisions of whether to invest in or make loans to FAH and Sunrise as they affected the value of the companies and their stock.

67.    Plaintiffs justifiably relied on these misrepresentations and omissions in deciding whether to invest in or make loans to FAH and Sunrise.

68.    As a result of the misrepresentations and omissions, Plaintiffs have been damaged in approximately the following amounts relative to their purchases of stock on or around the following dates:

    a)  John J. and Yvonne Calnin

        1.  March 28, 2002 – $50,100

        2.  June 4, 2002 – $50,100 (and should have been issued additional shares in April, 2003)

        3.  January 31, 2003 – $ 20,000

    b)  the Bernard E. & Alyce G. Dahlin Revocable Trust Dated December 20, 1993 and Bernard E. Dahlin

        1.  February 20, 2001 – $200,000

        2.  June 13, 2001 – $100,000

        3.  January 30, 2003 – $100,000

        4.  March 3, 2003 – $3800

        5.  Some of the above stock that was purchased by the Bernard E. & Alyce G. Dahlin Revocable Trust Dated December 20, 1993 and/or Bernard E. Dahlin

12

was gifted to the following Plaintiffs:  Bernard A. Dahlin III, Brian Dahlin, Stephanie L. Giannunzio, and Stacy L. Karle.  They are named as Plaintiffs based upon their current ownership in the stock.

c)  the Alfred H. & Jeane K. Fleck Revocable Trust

   1.  March 15, 2001 – $100,000

   2.  October 18, 2001 – $ 100,000

d)  Thomas J. Hahn

   1.  April 12, 2001 – $50,000

e)  the Kenneth & Lucille Jossart Revocable Trust 1-24-94

   1.  August 15, 2001 – $300,000

   2.  October 15, 2001 – $100,000

f)  Randy and Sue Keuntjes

   1.  April 3, 2002  – $100,200

g)  the Kimps Family Living Trust , UDO 9/27/91

   1.  August 3, 2001 – $50,000

   2.  May 7, 2002 – $25,000 (and should have been issued additional shares in April, 2003)

h)  the David W. & Yvonne M. Krutz Revocable Trust

   1.  May 20, 2002 – $100,000 (and additional shares issued on April 2, 2003)

   2.  February 20, 2003 – $20,000

i)  Jimmy L. McKeefry

   1.  June 7, 2002 – $25,000 (and additional shares issued on April 2, 2003)

j)  Patrick G. Mckeefry

1. June 7, 2002 – $25,000 (and additional shares issued on April 2, 2003)

k) David G. Perret, Sr. and Kathryn M. Perret

1. January 7, 2002 – $100,200

2. March 5, 2003 – $20,000

l) RDR Investments, LLP

1. April 3, 2002 – $50,100

2. October 15, 2002 – $50,000 (and additional shares issued on April 25, 2003)

3. March 28, 2003 – $50,000

m) The Kramer J. Rock & Carolyn F. Rock Revocable Trust of 1997

1. March 1, 2002 – $60,000

2. April 4, 2003 – $10,000

n) David W. and Janice F. Schonke

1. April 4, 2001 – $50,000

2. May 29, 2001 – $25,000

o) Stephen F. Schonke

1. August 30, 2002 – $50,000 (and additional shares issued on April 25, 2003)

p) Paul E. and Dawn M. Soletski

1. May 5, 2002 – $50,100 (and should have been issued additional shares in April, 2003)

q) Donald W. and Rita F. Zellner

1. September 26, 2002 – $50,000 (and additional shares issued on April 25, 2003)

69.     As a result of the material misrepresentations and material omissions, Plaintiffs have been damaged in approximately the following amounts, plus interest due and owing, on or about the following dates relative to amounts owed for their loans to FAH, Sunrise, and DAG.

    a)  Bernard E. Dahlin

        1.  October 19, 2001 – $50,000

        2.  November 14, 2001 – $300,000

        3.  Late 2003/Early 2004 – $80,000

    b)  Kenneth L. and Lucille C. Jossart

        1.  October 2001 – $80,000

70.     The above loans were made pursuant to promissory notes, mortgages, security agreements, and financing statements.

71.     The loan to DAG was essentially a loan to FAH and DAG merely acted as the intermediary.  Defendant was involved in procuring the loan.

**E. Count 1 – Misrepresentations in Connection with Sales & Purchases of Securities (17 C.F.R. § 240.10b-5(b); 15 U.S.C. § 78j(b))**

72.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

73.     Defendant used instrumentalities of interstate commerce in connection with the sale of the securities.  (Paragraphs 54-55 are reincorporated and realleged as though set forth in full herein).

74.     In connection with the sales of securities, Defendant made untrue statements of material fact and omitted to state material facts necessary in order to make the statements that

were made, in light of the circumstances under which they were made, not misleading. (Paragraphs 58-63 and 66 are reincorporated and realleged as though set forth in full herein).

75.     Defendant acted knowingly.  (Paragraphs 46, 59(d), 60(d), 61(d), 63(d), and 65 are reincorporated and realleged as though set forth in full herein).

76.     Plaintiffs justifiably relied upon Defendant's conduct.  (Paragraph 67 is reincorporated and realleged as though set forth in full herein).

77.     Plaintiffs have suffered damages as a result of Defendant's conduct and are entitled to recovery.  (Paragraphs 68-69 are reincorporated and realleged as though set forth in full herein).

## F. Count 2 – Misrepresentations in Connection with Sales & Purchases of Securities (Wis. Stat. § 551.41(2))

78.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

79.     In connection with Defendant's offers and sales of securities, Defendant made untrue statements of material fact and omitted to state material facts necessary in order to make the statements that were made, in light of the circumstances under which they were made, not misleading.  (Paragraphs 58-63 and 66 are reincorporated and realleged as though set forth in full herein).

80.     Defendant acted knowingly.  (Paragraphs 46, 59(d), 60(d), 61(d), 63(d), and 65 are reincorporated and realleged as though set forth in full herein).

81.     Plaintiffs justifiably relied upon Defendant's conduct.  (Paragraph 67 is reincorporated and realleged as though set forth in full herein).

82.     As a result, Plaintiffs have suffered damages as a result of Defendant's conduct and, some Plaintiffs are entitled to recovery pursuant to Wis. Stat. § 551.59(1)(a).  (Paragraphs and subsections 68(a)(2)-(3), 68(b)(3)-(4), 68(g)(2), 68(h)(1)-(2), 68(i)(1), 68(j)(1), 68(k)(2), 68(l)(2)-(3), 68(m)(2), 68(o)(1), 68(p)(1), 68(q)(1), and 69(a)(3) are reincorporated and realleged as though set forth in full herein).

## G. Count 3 –  Misrepresentations in Connection with Sales & Purchases of Securities (Fla. Stat. § 517.301(1)(a)2)

83.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

84.     In connection with Defendant's offers and sales of securities, Defendant made untrue statements of material fact and omitted to state material facts necessary in order to make the statements that were made, in light of the circumstances under which they were made, not misleading.  (Paragraphs 58-63 and 66 are reincorporated and realleged as though set forth in full herein).

85.     Defendant acted knowingly.  (Paragraphs 46, 59(d), 60(d), 61(d), 63(d), and 65 are reincorporated and realleged as though set forth in full herein).

86.     Plaintiffs justifiably relied upon Defendant's conduct.  (Paragraph 67 is reincorporated and realleged as though set forth in full herein).

87.     As a result, Plaintiffs have suffered damages as a result of Defendant's conduct and, some Plaintiffs are entitled to recovery pursuant to Wis. Stat. § 517.211(2).  (Paragraphs 68-69 are reincorporated and realleged as though set forth in full herein).

## H.  Count 4 –  Failure to Register Securities (Wis. Stat. § 551.21(1))

88.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

89.     Defendant offered and sold securities in Wisconsin.

90.     The securities that Defendant offered and sold in Wisconsin were not registered in accordance with Wisconsin law.

91.     Some of the securities that Defendant offered and sold in Wisconsin were not exempt securities under Wisconsin law.

92.     The securities that Defendant offered and sold in Wisconsin were not federal covered securities.

93.     As a result, Plaintiffs have been damaged, and some Plaintiffs are entitled to recovery pursuant to Wis. Stat. § 551.59(1)(a).  (Paragraph and subsections 68(h)(1)-(2), 68(m)(2), 68(o)(1), and 68(q)(1) are reincorporated and realleged as though set forth in full herein).

**I.  Count 5 –  Failure to Register Securities (Fla. Stat. § 517.07(1))**

94.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

95.     Defendant offered and sold securities in Florida.

96.     The securities that Defendant offered and sold in Florida were not registered in accordance with Florida law.

97.     Some of the securities that Defendant offered and sold in Florida were not exempt securities under Florida law.

98.     The securities that Defendant offered and sold in Florida were not federal covered securities.

Case 1:05-cv-00694-PJG   Filed 09/16/05   Page 18 of 23   Document 11

99.     As a result, Plaintiffs have been damaged, and some Plaintiffs are entitled to recovery pursuant to Fla. Stat. § 517.211(2).  (Paragraph and subsections 68(d)(1), 68(h)(1)-(2), 68(m)(2), 68(o)(1), 68(q)(1) are reincorporated and realleged as though set forth in full herein).

**J. Count 6 –  Failure to Obtain a License to Sell Securities (Wis. Stat. § 551.31(1))**

100.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

101.     Defendant transacted business in Wisconsin when he offered and sold securities in Wisconsin.

102.     In connection with the offers and sales of securities, Defendant was an "agent," as defined in Wis. Stat. § 551.02(2), for FAH.

103.     In connection with the offers and sales of securities, FAH was an "issuer," as defined in Wis. Stat. § 551.02(8), of securities.

104.     Defendant was not licensed as an "agent" in accordance with Wisconsin law.

105.     Defendant was not exempt from licensing in some of the transactions.

106.     As a result, Plaintiffs have been damaged, and some Plaintiffs are entitled to recovery pursuant to Wis. Stat. § 551.59(1)(a). (Paragraph and subsections 68(a)(2)-(3), 68(b)(3)-(4), 68(g)(2), 68(h)(1)-(2), 68(i)(1), 68(j)(1), 68(k)(2), 68(l)(2)-(3), 68(m)(2), 68(o)(1), 68(p)(1), 68(q)(1), and 69(a)(3) are reincorporated and realleged as though set forth in full herein.

**K. Count 7 –  Failure to Register to Sell Securities (Fla. Stat. § 517.12(1))**

107.     Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

108.     Defendant offered and sold securities in or from offices in Florida.

19

109. In connection with the offers and sales of securities, Defendant was an "associated person," as defined in Fla. Stat. § 517.021(2), with FAH.

110. In connection with the offers and sales of securities, FAH was an "issuer," as defined in Fla. Stat. § 517.021(14), of securities.

111. Defendant was not registered as an "associated person" in accordance with Wisconsin law.

112. Defendant was not exempt from registering in some of the transactions.

113. As a result, Plaintiffs have been damaged, and some Plaintiffs are entitled to recovery pursuant to Fla. Stat. § 517.211(1). Paragraph and subsections 68(d)(1), 68(h)(1)-(2), 68(m)(2), 68(o)(1), 68(q)(1) are reincorporated and realleged as though set forth in full herein).

### L. Count 8 – Misrepresentations to Induce Members of the Public to Purchase Securities (Wis. Stat. § 100.18)

114. Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

115. Defendant offered securities to the public in Wisconsin.

116. Defendant intended to sell securities to the public in Wisconsin.

117. Defendant intended to induce the public in Wisconsin to enter into a contract relating to the sale and purchase of securities.

118. In connection with the offer and sale of securities to the public in Wisconsin, Defendant made statements of fact that were untrue and misleading.

119. As a result, Plaintiffs have been damaged, and some Plaintiffs are entitled to recovery pursuant to Wis. Stat. § 100.18(11)(b). (Paragraph and subsections 68(a)(2)-(3), 68(b)(3)-(4), 68(g)(2), 68(h)(1)-(2), 68(i)(1), 68(j)(1), 68(k)(2), 68(l)(2)-(3), 68(m)(2), 68(o)(1),

Case 1:05-cv-00694-PJG   Filed 09/16/05   Page 20 of 23   Document 11

68(p)(1), 68(q)(1), and 69(a)(3) are reincorporated and realleged as though set forth in full herein).

## M. Count 9 – Strict Liability Misrepresentation

120.    Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

121.    Defendant made material representations and omissions of fact that were vital to Plaintiffs' decisions to invest in FAH.

122.    Defendant's representations and omissions were false.

123.    Defendant made the representations and omissions with personal knowledge that they were false or under circumstances in which he necessarily ought to have known that they were false.

124.    Defendant had an economic interest in the transactions.

125.    Plaintiffs believed Defendant's representations and omissions and relied on them for the purpose of deciding whether to invest in FAH.

126.    As a result of Defendant's actions, Plaintiffs have been damaged and are entitled to recovery.

## N. Count 10 – Negligent Misrepresentation

127.    Plaintiffs hereby reincorporate and reallege all the foregoing paragraphs of this Complaint as though set forth in full herein.

128.    Defendant made material representations and omissions of fact that were vital to Plaintiffs' decisions to invest in FAH.

129.    Defendant's representations were false.

130.    Defendant had a duty of care or he voluntarily assumed a duty of care to Plaintiffs relative to the investments.

131.    Defendant failed to exercise ordinary care in making the representations and omissions or in ascertaining the facts.

132.    Defendant could foresee that his inaccurate representations and omissions of material information would result in a loss to the Plaintiffs.

133.    Plaintiffs believed Defendant's representations and omissions and relied on them for the purpose of deciding whether to invest in FAH.

134.    As a result of Defendant's actions, Plaintiffs have been damaged and are entitled to recovery.

## O. Damages

135.    As a direct and proximate result of defendant's conduct, Plaintiffs suffered the following injuries and damages:

a)    Consideration paid for the securities;

b)    Lost Profits;

c)    Statutory damages pursuant to Wis. Stat. § 551.59(1)(a), (2); and

d)    Statutory damages pursuant to Fla. Stat. § 517.211(1), (2).

## P. Attorney Fees

136.    Plaintiffs are entitled to an award of attorney fees and costs.

## Q. Prayer

137.    For these reasons, Plaintiffs asks for judgment against defendant for the following:

a)    Actual damages for the loss of Plaintiffs' investments;

b) Prejudgment and postjudgment interest;

c) Costs of suit, including attorney fees; and

d) All other relief the court deems appropriate.

## R. Jury Demand

Plaintiffs demand trial by jury.

Respectfully Submitted this 15th day of September, 2005.

By:    __s/George Burnett_____
George Burnett
State Bar No.: 1005964
Attorney for Plaintiffs
Liebmann, Conway, Olejniczak & Jerry, S.C.
231 South Adams Street
Green Bay, Wisconsin 54301
P.O. Box 23200
Green Bay, Wisconsin 54305-3200
Telephone: (920) 437-0476
Fax: (920) 437-2868
E-Mail: rgb@lcojlaw.com

*#143824*